[Civ. No. 5150. Second Appellate District, Division One.—September 22, 1925.]

## VINCENT HALLINAN, Petitioner, v. THE SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

[1] ATTORNEY AT LAW—LIMITATION OF ARGUMENT—DISOBEDIENCE OF ORDER—CONTEMPT.—The trial court having determined that it was sufficiently advised to rule on the objection to evidence under discussion and, because of the action of counsel in persisting to argue the matter after the court had repeatedly ordered him to desist, having adjudged counsel guilty of contempt, and thereafter, upon the witness being asked essentially the same question, the court having admonished counsel that it did not desire any further argument, the action of counsel in stating, "If I think an objection is proper, I am not going to be frightened, either by threat or punishment for contempt. I am not trying to be unfair with the Court, or to say anything that I don't think is entirely proper, but if I think the objection is proper I will say it," was an attempt on his part to evade, if not to directly violate, the previous order of the court, and the court properly adjudged him guilty of contempt.

(1) 13 C. J., p. 12, n. 84 New; 38 Cyc., p. 1479, n. 74 New.

1. Attorney's conduct in connection with objections and exceptions as contempt, note, 31 A. L. R. 1185. See, also, 5 Cal. Jur. 901.

PROCEEDING in Certiorari to review an order of the Superior Court of Kings County and K. Van Zante, Judge thereof, adjudging petitioner guilty of contempt. Writ dismissed.

The facts are stated in the opinion of the court.

B. M. Benson and Richard K. Stewart for Petitioner.

William R. McKay, District Attorney, for Respondents.

CURTIS, J.—The parties hereto are the same as those in No. 5149 this day decided by this court (*ante,* p. 420). In the present proceeding the petitioner asks to review and have annulled an order of the respondent court adjudging him guilty of contempt. This order was made during the trial of the same action in which the order considered in No. 5149 was made, and during the same day, and only a short time after said last-named order was made. **[1]** The proceedings out of which the order involved herein was made by the court, as shown by the commitment herein, were as follows:

"Mr. Higgins: Read the question, Mr. Reporter. (Question read.) Mr. Russell: If your honor please, we would also make the objection that any statement made by Mrs. Brown not in the presence of the other defendants is hearsay and would not be binding on the other defendants. We would like to have the court instruct the jury to that effect. The Court: The objection is overruled and motion denied. Mr. Russell: To which we except. A. Well, we were dining at the Brown house one evening— Mr. Russell: Talk up so we can hear you. A. What is it? Mr. Russell: Talk up so that we can hear you. A. We were dining at the Brown home one evening and just before we sat down to the table, Mrs. Brown said to Pearl, 'Bring in the ice cream.' Well, it looked to me—. Mr. Hallinan: If the Court please, we object to the witness stating what it looked like to her. The Court: Yes, that may go out. Mr. Higgins: Just state the conversation. A. It was a 2 gallon ice cream freezer, packed with salt and ice, and that girl lugged that in, it was all she could do to—. Mr. Hallinan: We object to the statement that she lugged it in and it was

all she could do. She can state she carried it in. The Court: The objection is overruled. A. She lugged it in, and I said to Mrs. Brown, 'Oh, that is too heavy for that girl.' She said, 'Pooh, that won't hurt her.' Mr. Higgins: Q. Was that all of the conversation at that time? A. At that time, yes. Mr. Covert: We move the last answer be stricken out on the ground it is not responsive to the question asked and on the further ground it is incompetent, irrelevant and immaterial, in that it is a conversation that was not had in the presence of the other defendants and for that reason the jury may not consider it as to the other defendants, and upon the further ground that it is not rebuttal of anything adduced in evidence up to this time, either by the prosecution or the defense and we ask that it be stricken out and the jury instructed to disregard it as to all the defendants, except Mrs. Brown, if the Court refuses to strike it out entirely. The Court: Motion denied. Mr. Higgins: Q. Did you ever, after that time, or at any time, with Mrs. Brown, have a conversation relative to Pearl Camp, not going to school and about her working on the ranch? Mr. Hallinan: If the Court please, we again make the same objection and I further take an exception, that we consider it unfair that the prosecution should be allowed to reopen their case at this time and we object to the witness being permitted to answer that question on the ground it is improper rebuttal. The Court: Mr. Hallinan, the Court has warned you not to make statements of that kind. Mr. Hallinan: But if the Court please—. The Court: No further talk from you, Mr. Hallinan. Mr. Hallinan: If I think an objection is proper, I am not going to be frightened either by threat or punishment for contempt, I am not trying to be unfair with the Court, or say anything that I don't think is entirely proper, but if I think the objection is proper I will say it. The Court: The Court adjudges you again guilty of contempt for continuing to talk back to the Court when you have been ordered to desist from talking.''

There is little difference in principle between these two actions. The proceedings set forth above are practically a continuation of those considered in action No. 5149. Practically the same question had been asked the witness Mrs. Jewett in the proceedings involved herein as had been asked

her in the prior proceeding. The objections interposed by petitioner to these two questions were in all essentials the same, and petitioner was attempting to make the same argument in support of his objection to the second question that he had made to the first, when he was informed by the court that it did not desire any further argument and ordered petitioner to cease his argument, or, to put it in the court's language, "No further talk from you, Mr. Hallinan." In reply to this admonition of the court, petitioner stated: "If I think an objection is proper, I am not going to be frightened, either by threat or punishment for contempt. I am not trying to be unfair with the Court, or say anything that I don't think is entirely proper, but if I think the objection is proper I will say it." In view of the fact that the court had not in any manner stated or even intimated that it would not entertain any objection which petitioner might see fit to make, but on the other hand had previously informed petitioner that he might make any objection that he desired, we are unable to construe the above remark of counsel in any other light than as an attempt on his part to evade, if not to directly violate, the previous order of the court.

On account of the similarity of this to the proceeding just decided, we do not think it necessary to further extend this opinion, but for the reasons set forth in said opinion, as well as for those expressed herein, we are of the opinion that the order of the court adjudging the petitioner guilty of contempt, as hereinbefore set forth, is valid and binding. The writ is therefore dismissed.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1925. .